**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4130

WESLEY CASEY PATTON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-97-648)

Submitted: August 18, 1998

Decided: September 10, 1998

Before WILKINS and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. E. Jean Howard, OFFICE OF THE
UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Following a jury trial, Wesley Patton was convicted of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1994). The district court sentenced Patton to imprisonment for 327 months. His attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether there was sufficient evidence to sustain Patton's conviction and whether the district court properly imposed Patton's sentence under the Sentencing Guidelines. Counsel asserts that there are no meritorious grounds for appeal. Patton was informed of his right to file a pro se supplemental brief, which he failed to file. Because our review of the entire record reveals no reversible error, we affirm.

Patton contends that there was insufficient evidence to sustain his conviction. To sustain a conviction the evidence, viewed in a light most favorable to the government, must be sufficient for a rational jury to find the essential elements of the crime beyond a reasonable doubt. See United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). At trial, three witnesses testified that they saw Patton in possession of a sawed-off shotgun the night he was arrested. In addition, a police bloodhound handler's testimony provided circumstantial evidence that Patton had possessed the sawed-off shotgun found in the woods on the night of his arrest. From this evidence we find that a jury could reasonably find that Patton had possessed a sawed-off shotgun in violation of 18 U.S.C. § 922(g)(1).*

Patton next asserts that the district court erred in calculating his offense level and sentencing him to 327 months' imprisonment. The district court correctly interpreted and applied the guidelines in ascertaining Patton's total offense level of 34, criminal history category of

_____

*Patton stipulated prior to trial that he was a convicted felon.

2

VI, and sentence range of 262-327 months. Because Patton's sentence is within the applicable guideline range and the statutory maximum penalty for his crime, this court lacks authority to review his sentence. See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

In accordance with Anders, we have examined the entire record in these cases and find no reversible error. We therefore affirm Patton's conviction and sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. See Local Rule 46(d). Counsel's motion must state that a copy thereof was served on the client. See id.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

3